IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Anthony Moran Sr.<br>　　　　Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>　　　Moving Party<br>vs. | NO. 17-16749 REF |
| William Anthony Moran Sr.<br>　　　　Debtor | |
| Frederick L. Reigle Esq.<br>　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is Lakeview Loan Servicing, LLC.

2. Debtor is the owner of the premises 6955 Snowdrift Road, Bethlehem, PA 18017, hereinafter referred to as the mortgaged premises

3. Movant is the holder of a mortgage, original principal amount of $225,834.00 on the mortgaged premises that was executed on June 29, 2012. Said mortgage was recorded on July 11, 2012 at Book 2012-1, Page 158938. The Mortgage was subsequently assigned to Movant by way of Assignment of Mortgage recorded on September 13, 2016, at Book 2016-1, Page 194375 in Northampton County.

4. Frederick L. Reigle Esq., is the Trustee appointed by the Court.

5. Debtors' counsel has confirmed by way of communication with Movant's counsel, that the property is vacant. ✶

6. On or about January 24, 2018, Movant received a communication from a Code Enforcement Officer advising that he had visible confirmation of flooding on the first floor of the property.

7. In an effort to expedite the securing and winterizing the property, the parties have agreed as follows;

　　a.　the stay provided by Bankruptcy Rule 4001(a)(3) is temporarily waived.

✶ The property is temporarily vacant. Debtor intends to return within the next 30 days

  b. Movant and/or agent acting on behalf of Movant are granted immediate leave to access the aforementioned property in an effort to secure, winterize the property as necessary.

  c. In the event that Movant and/or agents acting on its behalf should determine it necessary to change locks in order to properly secure the property, Debtor shall be granted access way of communication between counsels for Movant and Debtor.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 26, 2018  /s/ Kevin G. McDonald, Esquire
  Kevin G. McDonald, Esquire
  Thomas Puleo, Esquire
  KML Law Group, P.C.
  701 Market Street, Suite 5000
  Philadelphia, PA 19106-1532
  Phone: (215) 627-1322 Fax: (215) 627-7734

Date: 1/29/2018

Zachary Zawarski
Attorney for Debtor

Date: 1/31/2018

Frederick L. Reigle, Esquire for
Chaper 13 Trustee

Approved by the Court this 1 day of February, 2018. However, the court retains discretion regarding entry of any further order.

U.S. Bankruptcy Judge, Richard E. Fehling

10. Any party who has not consented to this stipulation who wishes to do so, may file an objection on or before Feby 14, 2018, at 12:00 before Noon. A hearing on this stipulation shall be held on Thursday Feby 15, 2018, at 9:30 a.m.